# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0371
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Brenton Harmison,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Mahaska County,
The Honorable Crystal S. Cronk, Judge.

———————————

**AFFIRMED**

———————————

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., Chicchelly, J., and Vogel, S.J.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Brenton Harmison appeals the sentences imposed after a jury convicted him of four controlled-substance offenses. He argues the district court failed to adequately consider mitigating factors in imposing the sentences. Upon our review, we affirm Harmison' sentences.

## BACKGROUND FACTS AND PROCEEDINGS

In April 2022, Harmison and a friend checked into a Fairfield Inn in Oskaloosa. As the two men checked in, staff at the hotel became concerned for various reasons. The men arrived without any bags or luggage and paid for the room in cash. Because the staff were concerned about the safety of those at the hotel, they called the police. Soon after, cleaning staff found needles in a lobby trash can and a marijuana vapor pen in the bathroom.

Having all this information, the hotel manager decided to cancel Harmison's room and ask him and his friend to leave. But the men had already left, so the manager went to check if their belongings were in the room. Upon entering the room, an employee found a bag of pills under a pillow. The manager then notified the police of their findings. Later testing of these pills revealed they were methamphetamine.

The police later located Harmison and his friend at the hotel and searched them both. The search of Harmison revealed a glass pipe with methamphetamine residue and a single white pill later identified as oxycodone. A search of Harmison's prosthetic leg revealed more oxycodone pills.

Officers then searched Harmison's hotel room. Their search revealed a black bag containing $6,000 in cash, drug paraphernalia, and a digital scale consistent with the sale of drugs. When interviewed by police, Harmison

admitted the black bag and its contents were his, as was the methamphetamine found in the room.

As a result, the State charged Harmison with four crimes: (1) possession with intent to deliver methamphetamine, second or subsequent offense, a class "B" felony in violation of Iowa Code sections 124.401(1)(b)(7), 124.411, and 124.413 (2022); (2) possession of oxycodone hydrochloride, third or subsequent offense, a class "D" felony in violation of section 124.401(5); (3) failure to affix a drug tax stamp on the oxycodone, a class "D" felony in violation of sections 453B.1, 453B.3, 453B.12; and (4) failure to affix a drug tax stamp on the methamphetamine, a class "D" felony in violation of sections 453B.1, 453B.3, 453B.12. The State also charged the habitual-offender sentencing enhancement in violation of sections 902.8 and 902.9.

The case proceeded to trial in November 2024. The jury convicted Harmison as charged. Harmison then stipulated to being a habitual offender and to his prior drug convictions.

At sentencing, Harmison asked the court to impose a twenty-five-year sentence with a mandatory term of one-sixth of the sentence imposed on the first count, concurrent with fifteen-year sentences with three-year mandatory minimums on each of the remaining counts. Instead, the district court adopted the State's recommendation and imposed concurrent sentences of seventy-five years with a mandatory term of twenty-five years on the first count, and fifteen years with a mandatory term of three years on each of the remaining counts. Harmison now appeals his sentences.

## STANDARD OF REVIEW

We review a district court's sentencing decisions for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). The sentencing court has "broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). The decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## DISCUSSION

The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" along with the defendant's criminal history, employment status, family circumstances, and the societal goals of sentencing. *Damme*, 944 N.W.2d at 106 (citation omitted). The district court's statement explaining its reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Due to the discretionary nature of sentencing, the court's consideration of proper factors "will not always lead to the same sentence." *Formaro*, 638 N.W.2d at 725. "Yet, this does not mean the choice of one particular sentencing option over another constitutes error." *Id.*

Harmison argues the district court abused its discretion by failing to adequately consider mitigating factors in fashioning his sentences. Harmison's arguments are that the district court (1) stated it considered age,

prior criminal history, employment history, the nature of the offense, whether a weapon was used, etc. but did not specifically address how they relate to Harmison, (2) said it reviewed letters of support for Harmison but did not address if they were considered as a sentencing factor, and (3) "should have taken more time to evaluate the needs of the defendant and the circumstances surrounding him and imposed a more proper sentence that took into account more than just his previous criminal record."

We disagree with Harmison and find the district court exercised proper discretion in imposing his sentences. At sentencing, the court stated:

> Sir, I have selected these particular sentences for you after considering your age, prior criminal record, employment, family circumstances, nature of the offense committed, and harm to the victim, if any, whether a weapon or force was used in the commission of the offense, your need for rehabilitation and potential for rehabilitation, the necessity of protecting the community from further offenses by you and others, and the contents of the PSI.
>
> It's noteworthy, sir, in your criminal history you have a long history of drug offenses. I'm not sure I followed your attorney's calculation that you went fourteen years, although he did say you only had a few possession charges. That's not a minor thing for someone who already had drug convictions as you did at the time. It doesn't appear that rehabilitation worked. You didn't go very long between committing more drug offenses. It is important that we protect the members of the community from further offenses by you and others. Drug offenses are very serious in nature. I find, though, that it's appropriate to run your sentences concurrently, and also allow you the possibility of parole according to those time guidelines.

The district court also expressly noted it reviewed Harmison's letters of support.

We find each of the factors the district court discussed is a proper sentencing factor which it was required by statute to consider. *See* Iowa Code § 901.5. While the district court's discussion of the factors was "terse and

5

succinct," that is all that is required for our review. *Thacker*, 862 N.W.2d at 408. Our review of the record clearly demonstrates the district court properly exercised its discretion in sentencing Harmison.

While the district court did not discuss every mitigating factor on the record, it did hear and acknowledge Harmison's arguments before imposing the sentence. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered."). And even if the district court gave more weight to aggravating factors than mitigating factors, that does not amount to an abuse of discretion. *See State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006) (finding no abuse of discretion where the district court "placed considerable emphasis on the serious nature of the crimes" but also "considered other factors pertinent to sentencing"). Because we find no abuse of discretion, we affirm Harmison's sentences.

**AFFIRMED.**